UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHI INTERNATIONAL CORP. | § | |
| | § | |
| v. | § | CIVIL NO. 4:25-CV-431-SDJ |
| | § | |
| CLUTCH SOLUTIONS, LLC, ET AL. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Pre-Discovery Identification of Trade Secrets. (Dkt. #121). Plaintiff SHI International Corp. filed a response in opposition, (Dkt. #125), to which Defendants filed a reply, (Dkt. #130). Having considered the briefing, the record, and the applicable law, the Court concludes that the motion should be denied.

"[N]either Texas nor Fifth Circuit law requires pre-discovery identification of trade secrets." *Huawei Techs. Co., Ltd. v. Huang*, No. 4:17-CV-893, 2018 WL 3862061, at *3 (E.D. Tex. Aug. 14, 2018) (alteration in original) (quotation omitted). However, in some instances, "courts have used Federal Rule of Civil Procedure 16(c)(2)(L) as a basis for ordering pre-discovery identification[.]" *Varsity Gay League LLC v. Nichols*, No. 3:22-CV-2711-B, 2023 WL 4033948, at *1 (N.D. Tex. June 15, 2023). Federal Rule of Civil Procedure 16(c)(2)(L) allows a court to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems." In accordance with Rule 16, many courts require the moving party to show "that ordinary discovery procedures are inadequate or that the case is unusually complex." *Varsity Gay*,

1

2023 WL 4033948, at *1; *see Polydyne Software, Inc. v. Celestica Int'l, Inc.*, No. A-14-CV-797 LY, 2014 WL 12479201, at *3 (W.D. Tex. Dec. 31, 2014) ("[Defendant] has made no showing that ordinary discovery procedures will prove inadequate to the task in this case.").

Parties possess several alternative means of achieving such pre-discovery identification, such as a motion to dismiss for failure to state a claim or motion for a more definite statement. *See Varsity Gay*, 2023 WL 4033948, at *1 ("[I]n most cases, motions to dismiss for failure to state a claim or motions for a more definite statement are preferred."). A party may also seek to elicit such information through the normal discovery process, such as with a simple interrogatory. *See id.* at *2 ("[T]here is no indication that interrogatories would fail to elicit the desired information." (quotation omitted)); *see also Dewolff Boberg & Associates, Inc. v. Pethick*, No. 3:20-CV-3649-L, 2022 WL 3904687, at *2 (N.D. Tex. Apr. 28, 2022) ("[T]he sufficiency of Plaintiff's pleadings regarding this [trade secrets] claim and any related discovery issues are better suited for resolution . . . under Federal Rule of Civil Procedure 12 and the normal discovery process.").

In support of their motion, Defendants discuss the convenience of pre-discovery identification of trade secrets, the lack of burden it would be on SHI, and other assorted benefits of mandating such disclosures. (Dkt. #121 at 3–6). But while some jurisdictions may regularly impose such a requirement, *see* (Dkt. #121-1), this district, this circuit, and the Federal Rules of Civil Procedure do not generally require the pre-discovery identification of trade secrets. Because Defendants have not

demonstrated that ordinary discovery procedures are inadequate or that this case is unusually complex, the Court will not compel such pre-discovery identification.

Defendants have other tools at their disposal to explore the nature of the trade secrets asserted by SHI, especially during the normal course of discovery. If SHI proves uncooperative or non-compliant with discovery requests, Defendants may move to compel such discovery. However, the unusual requirement of pre-discovery identification of trade secrets is unwarranted here.

It is therefore **ORDERED** that Defendants' Motion for Pre-Discovery Identification of Trade Secrets, (Dkt. #121), is **DENIED**.

**So ORDERED and SIGNED this 27th day of July, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE